WALKER *v.* CULBERTSON.

Opinion delivered March 3, 1924.

HIGHWAYS—IMPROVEMENT DISTRICTS—NECESSITY OF ELECTION.—Under the terms of act No. 5 of the extraordinary session of 1923, approved October 10, 1923, road improvement districts which were created under the Alexander law (act 338 of Acts of 1915) or whose commissioners had previously entered into construction contracts, were not required to hold an election to determine whether the construction of such improvement should be proceeded with.

Appeal from Newton Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Geo. J. Crump,* for appellants.

*Worthington & Williams* and *Ben E. McFerrin,* for appellee.

WOOD, J.   This is an action by the petition of appellants for a writ of mandamus against the appellees to require them to comply with act No. 5 of the extraordinary session of the General Assembly, approved October 10, 1923.

The cause was submitted on an agreed statement of facts which is, in substance, that Road Improvement District No. 6 of Newton County was properly formed under what is known as the Alexander road law (act 338 of the

Acts of 1915), before the passage and approval of act No. 5 of the extraordinary session, approved October 10, 1923; that, prior to the passage of said act No. 5, the said Road Improvement District No. 6, through its commissioners, had entered into two construction contracts for the construction of the substantial portion of said improvement, and had entered into a contract for the sale of $43,000 worth of bonds of the district, and had also executed its promissory note, which is now outstanding, for the preliminary expenses of said road district. It was agreed that each of these contracts are now outstanding and valid obligations against said road improvement district, unless abrogated by act No. 5 of the extraordinary session of the General Assembly, approved October 10, 1923.

The trial court entered a judgment dismissing the appellants' petition, from which is this appeal.

The only question submitted for decision is whether or not appellees, as commissioners of Road Improvement District No. 6 of Newton County, Arkansas, are required by the provisions of act No. 5 of the extraordinary session of the General Assembly, approved October 10, 1923, to call an election under the provisions of §§ 25 and 26 of that act. Section 25 provides, in part, as follows:

"The commissioners or directors of any road improvement districts created by special acts of the Legislature enacted since the session of the General Assembly in the year 1915, except St. Francis River Road Improvement District of Poinsett County, Arkansas, and St. Francis River and Bridge Road Improvement District, Poinsett County, Arkansas, that have not, at the time of the passage of this act, let any construction contracts, actually done construction work, or issued, sold or delivered to the purchaser thereof any bonds of the district, shall not proceed with the construction of the improvements under their charge, and shall not issue any bonds to secure funds therefor, unless a majority in number and in value of the landowners in fee simple in such district, voting at the election provided for in this

act, shall express by their ballots a desire that the construction of such improvements be proceeded with.

"This section of this act shall not apply to improvement districts where the act creating the improvement district or amendments to it provides for petitions of any majority of property owners, or an election to ascertain their will, or to those districts where actual construction work has been begun or contracts therefor have. been made, or bonds sold and delivered and are outstanding, before the passage of this act."

Section 26 declares the policy of the State in regard to the road improvement districts already created, but in which no construction contracts had been · entered into, or bonds issued, and also contains certain provisions concerning these districts with reference to an election to be called and held in the manner and after the procedure set forth in § 25, which provisions are unnecessary to set forth, except the following language in § 26:

"It is made plain that this section and § 25 do not apply to districts that have done part of the work of improvement, and the work is unfinished, or have outstanding construction contracts or bonds, but such districts may complete their work of improvement without being affected by this section or § 25 of this act."

The language of the provisions as above set forth in §§ 25 and 26, in unmistakable terms, declares that §§ 25 and 26 do not apply to districts that have done part of the work of improvement or have outstanding contracts or bonds. Such districts are not affected by provisions of §§ 25 and 26 of the act. Nor does the act apply to any except districts created by special acts.

The agreed statement of facts shows that District No. 6 of Newton County was properly formed under what is known as the Alexander road law (act 338 of the Acts of 1915), and its commissioners had entered into construction contracts and had issued bonds for the construction of the substantial part of the improvement in the district. It follows that the provisions of §§ 25 and 26 of act No. 5 of the extraordinary session of the General

Assembly, approved October 10, 1923, do not apply to Road District No. 6 of Newton County, Arkansas. Therefore the findings of the circuit court to that effect are correct, and its judgment dismissing the appellants' complaint is affirmed.